## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESHAN SAVAGE BEY** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **NO. 25-CV-2081** |
| | : | |
| **WARDEN ERICKA PATTERSON,** *et al.*, | : | |
| *Defendants* | : | |

## M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                    OCTOBER 1,  2025

In a prior Memorandum and Order, the Court dismissed the Amended Complaint filed by

Reshan Savage Bey, a then-pretrial detainee at the Philadelphia Industrial Correctional Center

("PICC"), who has since been convicted.  *See Bey v. Patterson*, No. 25-2081, 2025 WL 2233669

(E.D. Pa. Aug. 4, 2025).  All claims then brought pursuant to 18 U.S.C. §§ 241 and 3921, and

claims based on his lost personal property, his experience with the prison grievance process, and

his placement at PICC were dismissed with prejudice.  *Id.* at *2 n.5 & *6.  Bey's claims based on

lost legal property, placement in the Restricted Housing Unit ("RHU"), deliberate indifference to

serious medical needs, and all official capacity claims were dismissed without prejudice.  *Id*. at *6.

Bey was granted leave to file a second amended complaint, which he did on September 5, 2025,

naming as Defendants Warden Ericka Patterson, Lieutenant S. Sam, and Correctional Officer D.

Johnson.[1]  (ECF No. 10.)  Each are again named in their official and individual capacities.[2]  (*Id*.

at 2-3.)  For the reasons set forth, the Second Amended Complaint ("SAC") is dismissed.

## I.    FACTUAL ALLEGATIONS[3]

---

[1]    Although he again mentions an injury to his jaw, Bey did not attempt to reassert a claim based on deliberate indifference to his serious medical needs in the SAC and did not name as a Defendant a medical provider or other individual personally responsible for any medical care.  Accordingly, the claim is deemed waived.  *See Hayward v. USAA Fed. Sav. Bank*, No. 24-CV-5602, 2025 WL 1094255, at *1 n.2 (E.D. Pa. Apr. 11, 2025) ("[B]ecause the Court provided Hayward with an opportunity to amend certain claims against USAA to plead those claims with more factual specificity . . . , and Hayward responded with an Amended Complaint that did not even name USAA as a Defendant, let alone to reassert her claims plausibly, she has waived any claims against USAA." (citing *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.")); *Miller v. Trometter*, No. 11-0811, 2014 WL 5089092, at *1 (M.D. Pa. Oct. 9, 2014) ("Plaintiff's Second Amended Complaint supersedes his Amended Complaint as a matter of law and all claims alleged in the Amended Complaint which are not alleged in the Second Amended Complaint are waived.").

[2]    The Court previously instructed Bey that claims against City officials named in their official capacity are indistinguishable from claims against the City of Philadelphia and, to be plausible, he must allege facts satisfying the municipal liability standard of *Monell v. N.Y.C. Dept. of Soc. Servs*., 436 U.S. 658, 690, n. 55 (1978)).  *Bey*, 2025 WL 2233669, at *6 (E.D. Pa. Aug. 4, 2025) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  While Bey checked the box on the form complaint that he used to file the SAC indicating that he named the Defendants in both their individual and official capacities, he included no allegations to satisfy the *Monell* standard.  Accordingly, the official capacity claims are not plausible.

[3]    The factual allegations are taken from Bey's SAC (ECF No. 10), consisting of the Court's form available to prisoners to file civil rights actions and additional handwritten pages.  The Court deems the entire submission to constitute the SAC for which the Court adopts the sequential pagination assigned by the CM/ECF docketing system.

To the extent that Bey repeats factual allegations in the SAC relevant only to the claims that have already been dismissed from this case, the Court will not include them here other than to provide context. To the extent his repetition of those facts indicates an intent to reassert his lost personal property and grievance and investigation-related claims, they are again dismissed with prejudice for the reasons previously explained to Bey.  *See Bey*, 2025 WL 2233669, at *3-4.

Here, Bey includes redundant, immaterial, or impertinent allegations, including "sovereign citizen" verbiage, which often make his substantive allegations convoluted and difficult to understand.  For example, he refers to his Pennsylvania criminal conviction as "the incidental state proceeding not provided by law in pseudo-criminal case no. MC-51-CR-0009513-2022/CP-51-CR-0004246-2024." (SAC at 15, 25, 35.)  He also makes repetitive but not identical allegations concerning the disciplinary process he received focused on legalisms and references to the prison handbook, rather than simply stating what happened to him.

Bey also appears to raise arguments that his conviction is "tainted" and he is being falsely held, in part, because the state courts had no jurisdiction over his person.  (*Id*.)  Any such argument seeks *habeas*

Bey previously alleged that, after an incident with his cellmate on January 30, 2025, he was taken from PICC to Jefferson Torresdale Hospital for medical treatment for a dislocated jaw, was placed in the medical unit at the Philadelphia Detention Center, and was then placed in the RHU at PICC, where he learned that his legal materials and other belongings had been packed up and some were missing.  (Am. Compl. at 4-5; *see also* SAC at 13.)  While unclear from Bey's wording, he apparently was seen at the Detention Center by non-defendant Captain Moore who may have conducted a disciplinary hearing on a misconduct Bey received over the incident with the cellmate that was prepared by Defendant Johnson.  (SAC at 21, 33.)

Bey appears to assert that Captain Moore did not tell him it was a disciplinary hearing (*id*. at 33) or explain the disciplinary action (*id*. at 21), and apparently failed to ask Bey if he agreed with the outcome of the disciplinary proceeding (*id*.), with the relevance of this last allegation completely unexplained.  Bey claims he did not "sign any discipline order to accept any discipline order provided" by Moore.  (*Id*.)  He further indicates that he was not "found guilty of any critical infractions . . . to be confined and punish[ed] . . . for thirty (30) days."  (*Id*. (referencing the page of the prison handbook detailing placement in disciplinary detention for up to 30 days for various infractions and that the Warden must approve disciplinary terms that exceed 30-days).)

Warden Patterson did not respond to Bey's four page "Notice" or promptly investigate his claim about his missing property.  (SAC at 13, 19.)  The Notice informed Patterson that Defendant Johnson's misconduct report never reported that there was a physical altercation between Bey and his cellmate, that Bey needed medical treatment, or was transferred to an outside hospital.  (*Id*. at

---

*corpus* relief and cannot state a claim under § 1983.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks *habeas* relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of *habeas corpus* after exhausting state remedies.").  To the extent Bey intended those allegations to state a § 1983 claim, the claim is not plausible.

13.)  He apparently filed grievances with "white shirts" stating it was imperative that he get back his legal materials.  (*Id.*)

Bey appears to claim that, as part of his criminal proceeding, he could not file a timely appeal to a higher court when his petitions to suppress witness identification and to "Quash For The State To Implicate Important State Interests" were denied on March 3, 2025 because his legal materials were not in his possession.[4]  (*Id.* at 13, 19, 25.)  He contends that he requested an extension of time from the court because of his jaw injury and because he did not have possession of his legal materials.  (*Id.* at 19, 25.)

Bey claims that Warden Patterson violated his First and Fifth Amendment rights as well as a Pennsylvania statute on dispossession and a federal criminal statute when his legal materials and belongings were removed from his cell.  (*Id.* at 17, 19.)  The missing materials allegedly included two law dictionaries, a non-legal dictionary, an almanac, a book titled "Eco-Tyranny," his Qur'an, three notebooks, deposition transcripts from August 7, 2023, and a Memorandum and Order from this Court.[5]  (*Id.* at 17.)  Defendant Sam told him that his missing property could not be located.  (*Id.* at 23.)  Defendant Sam allegedly failed to investigate the loss of Bey's property and Bey filed a grievance against him.  (*Id.* at 23, 29; *see also id.* at 45 (grievance form).)  On July 5, 2025, some

---

[4]      The state court docket confirms that the Court of Common Pleas denied Bey's motion to quash on March 3, 2025, and no appeal of that decision is noted.  *Commonwealth v. Bey*, CP-51-CR-0004246-2024 (C.P. Philadelphia).  At the time, Bey was proceeding *pro se* in his criminal case assisted by standby counsel.  *Id.*

[5]      From the date Bey provides, it appears he is referring to this Court's May 1, 2024 Memorandum and Order granting a defense motion for summary judgment in *Bey v. Lederer*, No. 19-1114 (E.D. Pa., ECF Nos. 93, 94).  The docket reflects that Bey did not appeal the entry of judgment.  Notably, the incident that sent Bey to Jefferson Torresdale Hospital for medical treatment for a dislocated jaw occurred on January 30, 2025, well after the 30-day time to appeal that judgment had lapsed.  *See* Fed. R. App. P. 4(a).  As such, the loss of his copy of the Memorandum and Order could not have caused Bey an actual injury in the form of a lost arguable legal claim.

of the legal materials were returned by Defendant S. Sam. (*Id*. at 17, 23.) Bey filed a grievance on July 17, 2025, to Warden Patterson about his other still missing legal materials and private property, and complaining that neither Defendants Patterson, Sam, or Johnson provided him with a property claim form even though they were all notified of his loss and injuries on March 19, 2025, or earlier. (*Id*. at 17, 19, 25, 27.)

Defendant Johnson prepared a misconduct report about the incident with Bey and his cellmate. (*Id*. at 21, 31.) While also unclear, Bey seems to contend that the misconduct report prepared by Defendant Johnson was either false or improperly adjudicated because it did not report that he was found on the ground bleeding from his ears, had to be assisted from the cell by correctional officers, and was transported to the hospital "unknowingly." (*Id.* at 21, 31, 37.) He claims there was no finding of an infraction that was "explained in detail" to him and he asserts without explanation that "[a] vast majority of punishment were committed by" Warden Patterson when he informed her of his injuries and lost property. (*Id*. at 21.)

Bey asserts constitutional claims under 42 U.S.C. § 1983 for violations of his First, Fifth, and Eighth Amendment rights. (*Id*. at 3.) He also cites 18 U.S.C. § 2071 and 18 Pa. Cons. Stat. § 5301. (*Id*.) He claims to have developed a traumatic disorder from having his property searched and taken, and psychological and physical injuries to his jaw as a result of the incident with his cellmate for which he seeks money damages. (*Id*. at 5.)

## II.    STANDARD OF REVIEW

Because the Court has granted Bey leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v.*

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the SAC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* SAC as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Bey is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245).

## III.    DISCUSSION

### A.    Statutory Claims

Bey cites to 18 U.S.C. § 2071 and 18 Pa. Cons. Stat. § 5301 as the bases for his claims. (Compl. at 3.) Section 2071 is the federal criminal statute which addresses concealing, removing, or destroying federal records "filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States." Bey does not allege that any named Defendant destroyed a document filed with the Clerk. He alleges only that documents in his own possession were destroyed. More importantly, there is no private

right of action created by most federal criminal statutes, including § 2071. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Markham v. Hennepin Cnty. Clerk Off.*, No. 24-1694, 2024 WL 3552961, at *1 (D. Minn. July 26, 2024) ("[T]he Court lacks subject-matter jurisdiction over Markham's claims under 18 U.S.C. §§ 2071 and 2076. These statutes fall within the federal criminal code and neither provides civil litigants a private right of action."); *Kaisamba-Kanneh v. Dakota Cnty. Dist. Ct.*, No. 22-2661, 2023 WL 1451561, at *4 (D. Minn. Feb. 1, 2023) (same); *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) ("Nothing in the language or history of 18 U.S.C. §§ 2071 or 31096 indicates that either statute was intended to create a private right of action." (footnote omitted)); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (no private right of action under § 2071)).

Section 5301 is the Pennsylvania criminal statute concerning official oppression. Courts, including the United States Court of Appeals for the Third Circuit, routinely dismiss claims seeking to impose civil liability under various sections of the Pennsylvania Crimes Code, finding that the "Code gives no authority for a private cause of action and none has been implied." *Youst v. Roth*, No. 23-0848, 2023 WL 3821813, at *4 (E.D. Pa. June 5, 2023) (quoting *Martrano v. Quizno's Franchise Co.*, No. 08-0932, 2009 WL 1704469, at *12 (W.D. Pa. June 15, 2009)); *see also Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020) (*per curiam*) (recognizing that plaintiff's civil claims brought pursuant to the Pennsylvania Crimes Code were properly rejected by the district court because there was no private right of action available under the Code). Accordingly, Bey's statutory claims are dismissed with prejudice.

### B.    Constitutional Claims

Bey reasserts constitutional claims against Defendants based on the loss of his legal materials and the time he spent in the RHU because of a disciplinary infraction.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.    Access-To-Courts Claim

Bey alleges that he lost legal materials and attempts to state an access-to-courts ("ATC") claim.  "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  The Court previously explained to Bey that "prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Bey*, 2025 WL 2233669, at *3 (citing *Shane v. Fauver*, 209 F. App'x 87, 89 (3d Cir. 2006) (*per curiam*) ("[T]he actual injury requirement is not met by every type of frustrated legal claim; constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions.")).

"A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Id*. (citing *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996))).  "This is because the right of access to the courts 'rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.'" *Id*. (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  In general, an actual injury occurs when a

prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415.

In the SAC, Bey alleges that due to the loss of his legal materials, he could not file a timely interlocutory appeal to a higher court in his then-ongoing criminal proceeding when his pretrial petitions to suppress witness identification and "Petition to Quash For The State To Implicate Important State Interests" were denied. (SAC at 13, 15, 19, 25.) Because this type of appeal is not permitted under Pennsylvania criminal procedures, this is not a plausible basis for the ATC claim.

In Pennsylvania, "[t]he general rule in criminal cases is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed." *Commonwealth v. Kurilla*, 570 A.2d 1073, 1073 (Pa. Super. Ct. 1990). As stated by the *Kurilla* court, "[t]he rule prohibiting interlocutory appeal is not one of unyielding flexibility. When there are special and exceptional circumstances, a defendant may appeal before his trial and conviction from the court's refusal to quash an indictment." *Id*. (citing *Commonwealth v. Kilgallen*, 108 A.2d 780 (Pa. 1954). The Pennsylvania courts recognize that the denial of a pretrial motion to dismiss an indictment on double jeopardy grounds is such an exceptional circumstance making the claim "subject to appellate review unless it appears that the claim is frivolous." *Commonwealth v. Shull*, 811 A.2d 1, 3 (Pa. Super. Ct. 2002) (citing *Commonwealth v. Brady*, 508 A.2d 286 (Pa. 1986).

Bey's *pro se* pretrial motions to suppress witness identification and to quash do not present the types of exceptional circumstances for which an interlocutory appeal would have been granted. *See Kurilla*, 570 A.2d at 1073 (holding that a statute of limitations defense was "not a *Brady*-type appeal involving a claim of violation of double jeopardy rights" and finding "nothing in the record

9

of this case to support a finding that exceptional circumstances are here present, such as a possible great injustice to the defendant, an issue of basic human rights, or an issue of great importance" (citing *Commonwealth v. Reagan*, 479 A.2d 621 (Pa. Super. Ct. 1984)).  Bey also remains capable of raising his arguments on direct appeal or through a Post-Conviction Relief Act ("PCRA") petition in state court, meaning that he has not suffered an injury by allegedly being shut out of court.[6]  *Harbury*, 536 U.S. at 415.  As he cannot allege an actual injury due to the loss of his legal materials, his access-to-courts claim is not plausible.

### 2.    Placement in the RHU

In the prior Memorandum, the Court instructed Bey that prisons may sanction a pretrial detainee for misconduct that he commits while awaiting trial, as long as it is not a punishment for the underlying crime of which he stands accused.  *Bey*, 2025 WL 2233669, at *5 (internal quotation and citations omitted).  But "the imposition of disciplinary segregation for violation of prison rules and regulations cannot be imposed without providing the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 . . . (1974)."  *Id.* (quoting *Kanu v. Lindsey*, 739 F App'x 111, 116 (3d Cir. 2018)).  "Such protections 'include the right to receive written notice of the charges at least 24 hours before the hearing, the opportunity to present witnesses and documentary evidence, and a written statement of the reasons for the disciplinary action taken and the supporting evidence.'"  *Id.* (citing *Kanu*, 739 F. App'x at 116).

The Court also instructed Bey that "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process."  *Id.* (quoting *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*)).  That is because due process "is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false

---

[6]    State court records indicate that Bey filed a PCRA petition on September 19, 2025.

misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*); *see also Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim.").

Bey's allegations again fail to state a plausible due process claim. Although the Court instructed Bey that he must allege facts to show plausibly that he did not receive written notice of the charges or an opportunity to be heard, *Bey*, 2025 WL 2233669, at *5, he has again failed to do so in a manner that makes his claim capable of being understood. Nowhere does he allege that he did not receive notice of the misconduct prepared by Johnson. Further, his allegations on the opportunity to be heard element focus mainly on the impropriety of the punishment he received and, most significantly, do not identify any act by a named Defendant. Bey contends that he was placed in the RHU at PICC after meeting with non-Defendant Captain Moore who did not explain the disciplinary action and who failed to gain his agreement to the imposition of any discipline. (SAC at 21, 33.) He claims he was not found guilty of a charge that would merit the 30-day disciplinary sentence he received. (*Id.*) It is apparent, however, that he received some process conducted by Moore.[7] (*Id.* at 33.) While Bey appears to claim he did not understand the procedures conducted by Moore or that they were improper, (*id.* at 21, 33), Moore is not a named

---

[7]     Any allegation based on a failure to follow a prison handbook, either in regard to the manner in which the disciplinary hearing was conducted or to the thirty-day punishment Bey received, cannot be the basis of a plausible constitutional claim. "As many courts have held, corrections officials cannot be held liable for failing to conform to procedures outlined in inmate handbooks and other internal prison procedures." *Bowman v. Wetzel*, No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases); *see also Curry v. McCann*, No. 18-5444, 2019 WL 77441, at *7 (E.D. Pa. Jan. 2, 2019) ("Even if Curry was asserting a claim against C.O. McCann based on this questioning, 'a prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983.'") (citing *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *7 n.7 (D.N.J. Aug. 31, 2006)). *Hernandez-Santana v. Little*, No. 24-6447, 2025 WL 2538435, at *5 (E.D. Pa. Sept. 3, 2025) ("[A] violation of internal prison procedures does not create a constitutional violation").

defendant in this case, and Bey does not allege that any named Defendant was personally involved in denying him an opportunity to be heard prior to the imposition of the disciplinary sentence. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (stating that the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims).

Rather, Bey's only claim against a named Defendant is based on his allegation that the misconduct prepared by Defendant Johnson was fraudulent because Johnson did not include information about his injury and post-incident hospitalization. Regardless, a false misconduct report is insufficient alone to state a claim, *Seville*, 130 F. App'x at 551, and Bey does not even allege a falsity – rather, merely that the information Johnson put in the misconduct was not complete. Accordingly, Bey's due process claim against the named Defendants is dismissed. The Court will permit Bey one final opportunity to file a third amended complaint to assert his due process claim based on his disciplinary proceeding and sentence.

## IV.    CONCLUSION

For the reasons set forth, Bey's SAC is dismissed. Since the additional factual bases alleged by Bey in support of his ATC claim reveal that he did not suffer an actual injury as a result of the lost legal materials, he will not be given further leave to amend that claim because amendment would be futile. Bey will, however, be provided a final opportunity to allege facts regarding his disciplinary custody due process claim.

Should he opt to amend further, Bey may not attempt to re-raise any claim based on grievances, medical treatment, his state court criminal trial, lost personal property, or lost legal property underlying an ATC claim. To re-assert his due process claim, Bey must comply with

12

Federal Rule of Civil Procedure 8 and 10, meaning that he must provide a short plain statement of the facts underlying the claim in numbered paragraphs.  Use of sovereign citizen verbiage, and repetitious and convoluted allegations will not help Bey to assert a plausible claim.  Rather, he should "flesh out" his allegations by simply setting out facts explaining in the third amended complaint the "who, what, where, when and why" of his claim.  *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022).

*NITZA I. QUIÑONES ALEJANDRO, J.*