IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESHAN SAVAGE BEY** : | | **CIVIL ACTION** |
| *Plaintiff* : | | |
| : | | |
| **v.** : | | **NO. 25-CV-2081** |
| : | | |
| **WARDEN ERICKA PATTERSON,** *et al.*, : | | |
| *Defendants* : | | |

**O R D E R**

**AND NOW**, this 30th day of September 2025, upon consideration of Reshan Savage Bey's *pro se* Second Amended Complaint (ECF No. 10), and the accompanying Memorandum, it is hereby **ORDERED** that:

1. Bey's Second Amended Complaint is **DISMISSED,** *in part,* with prejudice and, *in part*, without prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as follows:

    a. Bey's due process claim based on his placement in disciplinary segregation at PICC is **DISMISSED,** without prejudice**.**

    b. All other claims are **DISMISSED,** with prejudice.

2. Bey may file a third amended complaint within thirty (30) days of the date of this Order to re-assert his due process claim based on his placement in disciplinary segregation ***ONLY***. Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Bey's due process claim against each defendant. The third amended complaint shall be a complete document that does not rely on the prior pleadings or other papers filed in this case to state a claim. **When drafting his third amended complaint, Bey should be mindful of**

**the Court's reasons for dismissing the claims in his prior pleadings as explained in the Court's Memorandum as well as the Court's admonition that his reliance on sovereign citizen verbiage or use of repetitive and convoluted allegations will not help Bey to assert a plausible claim.  Rather, he must provide a short plain statement of the facts in numbered paragraphs.**  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Bey a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number.  Bey may use this form to file his third amended complaint if he chooses to do so.

4. If Bey does not wish to amend further and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court *within thirty (30) days* of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.  If Bey fails to file any response to this Order, the Court will conclude that Bey intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

6.  The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).